**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| EULENA NARCISSE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:18-cv-03042 |
| INSOLVENT RESOLUTIONS GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

<u>**COMPLAINT**</u>

NOW comes EULENA NARCISSE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of INSOLVENT RESOLUTIONS GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, and Intentional Infliction of Emotional Distress, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4.  Plaintiff is a consumer over 18 years-of-age residing in Missouri City, Texas, which is located within the Southern District of Texas.

5.  Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is a "debt collections company,"[1] organized under the laws of the state of Florida, with its registered agent located at 3030 North Rocky Point Drive, Suite 150A, Tampa, Florida.  Defendant regularly collects upon consumer located in the State of Texas.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

10.  In 2018, Plaintiff began receiving calls to her cellular phone, (832) XXX-3423, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3423.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://insolventrg.com/about

2

12.   Upon answering Defendant's calls, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

13.   Upon speaking with Defendant's representatives, Plaintiff was notified that Defendant was seeking to collect upon the subject debt.

14.   Plaintiff was confused as to the nature of Defendant's calls, as she has resided at her current address for over 10 years, but has never received any correspondence from Defendant regarding the subject debt.

15.   Moreover, Plaintiff recalls that any debt she incurred was already paid in full.

16.   Defendant's representatives informed Plaintiff that if she did not make a payment, then she would be arrested for committing fraud.

17.   This threat was extremely frightening to Plaintiff, so by force, she agreed to set up a payment arrangement with Defendant.

18.   Shortly thereafter, however, Plaintiff contacted her bank to stop payment, as she did not trust Defendant.

19.   Plaintiff contacted Defendant to inform it as such, and upon doing so, Defendant's representative stated that the police would be contacted to arrest her for fraud.

20.   Moreover, Defendant's representatives abhorrently used extremely foul and threatening language toward Plaintiff in an effort to procure payment.

21.   As a result of Defendant's actions, Plaintiff demanded that it stop calling her.

22.   In spite of Plaintiff's demands, Defendant continued to place several calls to Plaintiff's cellular phone thereafter.

23.   Defendant has also called Plaintiff's landline phone number and has left threatening voice message on there as well.

24.  Defendant has mainly used the phone number (877) 583-0145 when contacting Plaintiff, but upon belief, it has used other numbers as well.

25.  Upon information and belief, the phone number ending in -0145 is regularly utilized by Defendant during its debt collection activities.

26.  To date, Plaintiff has never been mailed any correspondence regarding the subject consumer debt, which would apprise her of her rights, as required by the FDCPA.

27.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenditure of assets.

28.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to emotional distress and increased anxiety.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though full set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of FDCPA §§ 1692c(a)(1) and §1692d**

35. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer at "a time or place known or which should be known to be inconvenient to the consumer."  Moreover, 15 U.S.C. §1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. Defendant violated §§ 1692c(a)(1) and d when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff several times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.  The nature of calls, including the intimidation that Defendant used to strong-arm Plaintiff into making a payment, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her. Defendant was also notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

37. Moreover, Defendant's conduct runs afoul of § 1692d as it threatened to contact the police department to arrest Plaintiff if Plaintiff did not make a payment.  Defendant had no lawful ability to make this threat, and coupled with the hostile language its representatives used during conversations with Plaintiff, it is clear that Defendant engaged in this unlawful behavior in order to harass Plaintiff into submission.

### b.  Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5)

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant's conduct was in violation of §§ 1692e(5) and (10) when it falsely threatened that Plaintiff would be arrested if she did not make payment. Defendant had no lawful basis to carry out this threat, but still engaged in this behavior to instill fear into Plaintiff and to ultimately extract payment from her, albeit through illegal means.

41. Defendant also violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to place automated calls to Plaintiff's cellular phone. Defendant systematically placed these calls in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c.   Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by making numerous threats to Plaintiff. Attempting to coerce Plaintiff into payment by engaging in this behavior is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

### d.   Violations of FDCPA § 1692g

44. The FDCPA, pursuant to 15 U.S.C. § 1692g requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

45. Defendant violated 15 U.S.C. § 1692g by failing to provide the required disclosures to Plaintiff. Plaintiff never received any correspondence from Defendant.  As such, Defendant has deprived Plaintiff of her fundamental rights under the law, in violation of § 1692g.

46. As pled in paragraphs 27 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, EULENA NARCISSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47.   Plaintiff repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

49.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

50.   Defendant violated the TCPA by placing a number of phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff may have given to Plaintiff was specifically revoked by Plaintiff's demands that it cease contacting her.

51. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, EULENA NARCISSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

8

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

<u>COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT</u>

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

55. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

56. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.301**

57. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.301, states that "a debt collector may not use threats,  coercion, or attempts to coerce that employ any of the following practices:

(2) "accusing falsely or threatening to accuse falsely a person of fraud or any other crime."

(6) "threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law."

(8) "threatening to take an action prohibited by law."

58. Defendant violated §§ 392.301(a)(2), (6), and (8) through the countless threats it made to Plaintiff.  Defendant continuously informed Plaintiff that she would be arrested for fraud if she did not address the subject debt.  Defendant had no lawful basis to make this false threat, but simply engaged in this behavior in order to secure a more favorable chance at procuring payment.

9

Defendant knew that if it threatened Plaintiff with arrest, then that would coerce her to address the subject consumer debt.

### b. Violations of TDCA § 392.302

59. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

60. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment.

61. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign.  Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

### c. Violations of TDCA § 392.304

62. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits debt collectors from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

63. Defendant violated § 392.304(19) through the deceptive and false means it used to collect and obtain information about Plaintiff.  Defendant falsely made numerous threats to Plaintiff thinking that the outward pressure would compel Plaintiff into making payment.

WHEREFORE, Plaintiff, EULENA NARCISSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.    Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65.  "To prevail in a suit for intentional infliction of emotional distress in Texas, a plaintiff must show (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995).

66.  Defendant intentionally engaged in extreme and outrageous conduct when it incessantly attempted to intimidate and coerce Plaintiff into making payments through its menacing threats.

67.  This deliberate conduct of harassing Plaintiff is indicative of Defendant's intent to inflict emotional distress upon her.  Defendant knew that its relentless threats to have Plaintiff arrested, even though Defendant lacked lawful ability to do so, would inflict severe emotional distress upon Plaintiff, as continued harassment would likely force Plaintiff into making a payment.

68.  Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

69.  As pled in paragraphs 27 through 29, Plaintiff was severely damaged by Defendant's conduct.

WHEREFORE, Plaintiff, EULENA NARCISSE, respectfully requests that this Honorable

Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff her actual damages in an amount to be determined at trial;

c.  Awarding Plaintiff punitive damages in an amount to be determined at trial; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 30, 2018                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #3098183               Taxiarchis Hatzidimitriadis, Esq. #3098150
Counsel for Plaintiff                          Counsel for Plaintiff
Admitted in the Southern District of Texas     Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                       Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                        Lombard, Illinois 60148
(630) 568-3056 (phone)                         (630) 581-5858 (phone)
(630) 575-8188 (fax)                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com